AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $                , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and          copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: *NORTHERN DISTRICT OF OHIO* |
|---|---|---|
| **Name** (under which you were convicted): *ARNON C. COLLINS, JR.* | | **Docket or Case No.:** |
| **Place of Confinement :** *NORTH CENTRAL CORRECTIONAL INSTITUTION* | | **Prisoner No.:** *A736520* |
| **Petitioner** (include the name under which you were convicted) *ARNON C. COLLINS, JR.* | v. | **Respondent** (authorized person having custody of petitioner) *WARDEN* |
| The Attorney General of the State of: *OHIO* | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *PREBLE COUNTY COURT OF COMMON PLEAS*
    *EATON, OHIO    CASE NO. 2015 CR 11802*

    (b) Criminal docket or case number (if you know): *2015 CR 11802*

2.  (a) Date of the judgment of conviction (if you know): *SEPTEMBER 12, 2016*

    (b) Date of sentencing: *SEPTEMBER 12, 2016*

3.  Length of sentence: *12 YEARS*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    *ILLEGAL MANUFACTURING OF DRUGS, FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICAL, ILLEGAL USE OR POSSESSION OF DRUG PARAPHENALIA, ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FOR MANUFACTURE OF DRUGS, AGGRAVATED POSSESSION OF DRUGS.*

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury    ❏ Judge only    *N/A*

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes    ☒ No

8.  Did you appeal from the judgment of conviction?

☒ Yes    ❏ No

9.  If you did appeal, answer the following:

(a) Name of court:  *TWELFTH DISTRICT COURT OF APPEALS*

(b) Docket or case number (if you know):  *CA 2016-09-009*

(c) Result:  *DECISION AFFIRMED*

(d) Date of result (if you know):  *JUNE 12, 2017*

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☒ Yes    ❏ No

If yes, answer the following:

(1) Name of court:  *OHIO SUPREME COURT*

(2) Docket or case number (if you know):

(3) Result:  *JURISDICTION DENIED*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 1/31/18

(5) Citation to the case (if you know):

(6) Grounds raised: UNKNOWING, UNINTELLIGENT AN INVOLUNTARY PLEA, USE OF PRIOR BAD ACTS EVIDENCE IN SEARCH WARRANT.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: PREBLE COUNTY COURT OF COMMON PLEAS

(2) Docket or case number (if you know): 2015 CR 11802

(3) Date of filing (if you know): JUNE 19, 2018

(4) Nature of the proceeding: MOTION TO WITHDRAW PLEA

(5) Grounds raised: UNKNOWING, INVOLUNTARY, UNINTELLIGENT PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: MOTION DENIED

AO 241 (Rev. 09/17)

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *N/A*

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes   ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: *N/A*

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☒ No

(2) Second petition:  ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

STILL PENDING IN 12TH DISTRICT COURT OF APPEALS · CA 2018-08-010.

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

COUNSEL OFFERED THE PETITIONER A PLEA OFFER ONE DAY PRIOR TO TRIAL. APPELLANT WAS CONFUSED WITH A HISTORY OF PSYCHOSIS AND WITHDRAWL FROM DRUGS COUNSEL HAD SOUGHT TO WITHDRAW FROM REPRESENTATION. FURTHER, THE APPEALS COURT FAILED TO APPLY THE PROPER SUBJECTIVE TEST TO THE PLEA.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

THE ISSUE OF PSYCHOSIS WAS RAISED IN APPELLANT'S MOTION TO WITHDRAW PLEA AND IN APPEAL TO OHIO SUPREME COURT.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: MOTION TO WITHDRAW PLEA

Name and location of the court where the motion or petition was filed:

PREBLE COUNTY COURT OF COMMON PLEAS.

Docket or case number (if you know): 20 P5 CR 11802

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): MOTION DENIED

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 12TH DISTRICT COURT OF APPEALS, PREBLE COUNTY, OHIO

Docket or case number (if you know): CA2018-08-010

Date of the court's decision: PENDING

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:** USE OF PRIOR BAD ACTS EVIDENCE IN
SEARCH WARRANT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THIS MATTER WAS RAISED IN THE CONTEXT OF A FRANK'S MOTION
TO SUPPRESS. THE COURT OF APPEALS AFFIRMED THE
DECISION OF THE TRIAL COURT CITING PRIOR, UNRELATED
BAD ACTS, BASICALLY STATING ONLY THAT PETITIONER
WAS A BAD PERSON. A WARRANT CANNOT BE
BASED SOLEY ON CHARACTER EVIDENCE.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :  N/A

**GROUND THREE:** USE OF IMPROPER TEST TO DETERMINE VALIDITY OF PLEA VIOLATING PETITIONER'S DUE PROCESS RIGHTS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

OHIO USES A SUBJECTIVE TEST TO DETERMINE IF A PLEA WAS KNOWING, VOLUNTARY AND INTELLIGENT. THIS TEST WAS NOT APPLIED BY THE COURT OF APPEALS.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**          *N/A*

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                           ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?                       ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _N/A_

**GROUND FOUR:** _N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❐ Yes  ❐ No

(4) Did you appeal from the denial of your motion or petition?  ❐ Yes  ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❐ Yes  ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?       ☐ Yes      ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?       ☒ Yes  ,  ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.     12TH DISTRICT COURT OF APPEALS, PREBLE COUNTY, OHIO CA2018-08-010

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:    *BRIAN NUBCHENBACH, EATON, OH.*

(e) On appeal:    *UNKNOWN*

(f) In any post-conviction proceeding:    *GEORGE A. KATCHMOR,*
*1886 BROCK RD. N.B., BLOOMINGBURG, OH. 43106*

(g) On appeal from any ruling against you in a post-conviction proceeding:

*GEORGE A. KATCHMOR, 1886 BROCK RD. N.B.,*
*BLOOMINGBURG, OH. 43106*

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes    ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: TO VACATE HIS CONVICTION AND SENTENCE OR REMAND THIS MATTER FOR FURTHER PROCEEDINGS.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)
GEORGE A. KATCHMER

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 1/20/19 (month, date, year).

Executed (signed) on 1/20/19 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

PETITIONER IS INCARCERATED.

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

ARNON C. COLLINS, JR.                                    Case No.

A736520

North Central Correctional Institution

Marion, Ohio 45011

Petitioner

v.

WARDEN

North Central Correctional Institution

670 Marion-Williamsport Road P. O. Box 1812
Marion OH, 43302

                                              PETITION FOR A WRIT OF

Respondent                                    HABEAS CORPUS

Now comes the Petitioner states as follows:

1.  **Jurisdiction**

    This matter is brought pursuant to 22 U.S.C.§2254 and 28 U. S. C. §1331 and concerns

Petitioner's Fifth and Fourteenth Amendment rights to Due process of law and Fourth

Amendment right to be free from unreasonable searches and seizures.

2. **Procedural History and Relevant Facts**

Petitioner was indicted on August 3, 2015 for 2925.04(A) Illegal manufacturing of drugs (felony 2nd degree), 2925.041(a) Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs (felony 3rd degree), 2921.331(b) Failure to Comply with Order or Signal of a Police Officer (felony 3rd degree), 2925.14(c)(1) Illegal Use or Possession of Drug Paraphernalia (Misdemeanor 4th Degree), 2925.11(A)(C)(1)(E) Aggravated Possession of Drugs (Felony 1st Degree). A superseding Indictment was filed on October 5, 2015 after the rejection of a plea offer. A Motion to Suppress was filed on January 29, 2016 and a Supplemental Motion for a <u>Franks</u> motion was filed on March 16, 2016. Both motions were denied. Counsel attempted to withdraw on more than one occasion. A Motion to Re-instate the previous Plea Offer was filed on June 17, 2016 and denied.

Petitioner pled guilty to all charges on September 12, 2016 and sentenced to incarceration of 12 years. Notice of Appeal was filed on September 20, 2016 and the decision of the Trial Court affirmed on June 19, 2017. An appeal was filed with the Ohio Supreme Court but jurisdiction was denied on January 31, 2018.

Petitioner was charged after a search incident to arrest produced methamphetamine and a purported consent search of his parent's property in which additional items associated with the manufacture of methamphetamine were discovered.

Petitioner is currently incarcerated in the North Central Correctional Institution in Marion, Ohio.

3. **Argument**

A.  A CRIMINAL DEFENDANT IS ENTITLED TO THE EFFECTIVE ASSISTENCE
    OF COUNSEL UNDER THE SIXTH AMENDMENT.

In *Lafler v. Cooper*, 566 U.S. 156,132 S.Ct. 1376 (2012), the Supreme Court held

that prejudice may arise if a defendant's trial counsel's deficient performance during plea

negotiations with the state caused the defendant to reject a plea offer that would have

resulted in a lower sentence. Id. at 163. Under such circumstances, where counsel

actually provides a defendant with a deficient performance during plea negotiations, the

correct remedy is to order the state to reoffer the previously rejected plea offer. Id. at 174.

Defendants have a Sixth Amendment right to counsel, a right that extends to the

plea-bargaining process. Frye, ante, at 8; *see also Padilla v. Kentucky*, 559 U. S. ___, ___

(2010) (slip op., at 16); *Hill v. Lockhardt*, 474 U. S. 52 (1985) 474 U. S. 52 (1985) at 57.

During plea negotiations defendants are "entitled to the effective assistance of competent

counsel." *McMann v. Richardson*, 397 U. S. 759, 771 (1970) . In *Hill*, the Court held "the

two-part *Strickland v. Washington* 466 U. S. 668 (1984), test applies to challenges to

guilty pleas based on ineffective assistance of counsel." 474 U. S., at 58. The

performance prong of *Strickland* requires a defendant to show " 'that counsel's

representation fell below an objective standard of reasonableness.' " 474 U. S., at 57

(quoting *Strickland*, 466 U. S., at 688).

To establish *Strickland* prejudice a defendant must "show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id., at 694. In the context of pleas a defendant

must show the outcome of the plea process would have been different with competent

advice.

After holding a hearing on the matter, the trial court found Petitioner's original trial counsel, Attorney Muenhenbach, did not provide Petitioner with a deficient performance during plea negotiations since Attorney Muenchenbach advised Petitioner of the terms of plea offer shortly after it was received from the state, notified Petitioner that the offer would have to be accepted before October 2, 2015, the deadline imposed by the state, and advised Petitioner he should accept the plea offer, but that the decision to accept the state's offer was ultimately Petitioner's decision to make. The trial court also found that Attorney Muenchenbach spent an hour visiting Petitioner in jail on October 1, 2015, the day before the state's deadline to accept the plea offer, during which time the offer and the potential consequences for rejecting the offer "were thoroughly discussed."

At the outset, whether Counsel spent an hour with the Petitioner one day before the deadline for the expiration of the offer demonstrates nothing. An hour of bad advice is still an hour. Further, the fact that Counsel waited until the last moment would actually undercut his testimony that anything was "... thoroughly discussed."

Further, Counsel filed a Motion to Withdraw on November 30, 2016. Apparently he was not all that unhappy with the outcome of plea negotiations until six weeks later. Petitioner testified that he was confused by the plea discussion.

Petitioner has since filed a Motion to Withdraw Plea in the Trial Court supported by medical records and affidavits demonstrating a diagnosed psychosis and psychotic episodes during the time of his incarceration before his plea herein. This motion was denied and an appeal is now pending in the Twelfth District Court of Appeals.

Accordingly, Counsel should have been aware of the Petitioner's confusion and halted plea negotiations rather than coerce Petitioner into a flawed plea.

B. UNDER OHIO LAW THE DECISION TO PLEAD IS GOVERNED BY A SUBJECTIVE TEST WHICH MUST BE APPLIED WHEN DETERMINING IF A PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE THE FAILURE TO DO SO VIOLATES PETITIONER'S RIGHT TO DUE PROCESS OF LAW

In Ohio, the decision to plead is a subjective one governed by a subjective test.

*State v. Nero* , 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Here, the Appellate Court

in its decision did not consider this test and there is no evidence that it was applied by

either the Appellate or Trial Courts. The failure to utilize the correct test for assessing the

voluntariness of a plea violates this Petitioner's right to due process of law by treating

him differently than other such defendants.  As stated previously, the Petitioner's

subjective mental state in no way permitted a knowing, intelligent or voluntary plea.

C. UNDER THE FOURTH AMENDMENT PRIOR BAD ACTS EVIDENCE MAY NOT BE USED AS THE BASIS OF AN AFFIDAVIT FOR A SEARCH WARRANT

A hearing pursuant to *Franks v. Delaware* 438 U.S. 154 (1978) was requested by motion.

The Trial Court denied this motion. In its decision, the trial Court stated that even if it believed

the affidavit of Petitioner's mother, there was still no need for a *Franks* hearing because there

was sufficient other evidence for the issuance of a search warrant for these particular premises.

*Franks* states in part:

In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: there is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory, and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is

permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. [Footnote 8] On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Franks v. Delaware,* at 171-172.

The Appellate Court in its Opinion recites this other evidence:

For instance, Deputy Hatfield's warrant affidavit states (1) both he and Detective Schneider had recently received several tips and other intelligence that Collins had been seen manufacturing methamphetamine at his home, including information from a neighbor who suspected Collins of making methamphetamine from the back of his car; (2) Collins had a long criminal history that included convictions for illegal manufacture of drugs, attempted illegal assembly of chemicals for the manufacture of drugs, and aggravated possession of drugs; (3) four days earlier, when attempting to serve a warrant for Collins' arrest, Deputy Hatfield smelled a slight odor of anhydrous ammonia, a precursor of methamphetamine production, emanating from a large trash can at the rear of the home; (4) Collins had purchased Sudafed 12 times (and had been denied an additional four times) over the previous four months; and, (5) Collins had just been arrested and found to be in possession of 4.9 grams of "wet" methamphetamine indicating the drug was only recently made. Deputy Hatfield further averred that, based on his training and experience, drug traffickers and drug manufacturers "frequently conceal and transport narcotics in motor vehicles," thereby making it necessary to search any motor vehicle located on the property.

(Opinion at 7-8)

Basically these averments amount to no more than that "Collins is a bad person". The Affiants had unspecified tips to which there is no indication of reliability. Petitioner has a long criminal history. He is a bad person. Affiant Hatfield claimed to smell a slight odor of anhydrous ammonia coming from a trash can at the rear of the property. There is no indication even if true that this can contained anhydrous ammonia nor whether it was connected in any way with the Petitioner. But he is a bad person, so…Petitioner had purchased Sudafed over a four month period. There is no indication of the last date of purchase, but, he is a bad person, so…Finally, Petitioner had indeed been arrested and, if believed, found with "wet". But this was not at the property that was the subject of the warrant.

The general, common law rule is that the State may not present evidence of a different, independent offense or bad act for the purpose of showing that he committed the offense charged. *State v. Hector*, 19 Ohio St. 2d 167, 174-175, 249 N.E.2d 912, 916-917 (1969).

It can be countered that we are not here talking about a trial but simply probable cause for a warrant. However, if warrants can be based soley upon prior bad acts and convictions, then no formerly convicted felon, or for that matter, a person convicted of misdemeanors, will ever be free from the issuance of a warrant against them. Here there was no showing of a connection with the Petitioner and any contraband on the property searched. Nor was he arrested anywhere near this property. There simply is no nexus other than the assumption that due to his past (and we all have them) he is a bad person so a warrant can issue. Thus the consent of his mother to search her property is critical. Accordingly, the Trial Court and the Appellate Courts' analysis is deficient in this matter.

<u>**Conclusion**</u>

For the reasons stated Petitioner must be released from incarceration.

Respectfully submitted,

s/George A. Katchmer

GEORGE A. KATCHMER

(0005031)

Attorney at Law

1886 Brock Road N.E.

Bloomingburg, Ohio 43106

740-437-6071

740-437-6071

Attorney for Pletitioner

## CERTIFICATE OF SERVICE

A copy of the foregoing reply was served on the Defendant by Electronic Notification by the Clerk of Courts on this date of filing.

s/ George A. Katchmer
GEORGE A. KATCHMER
Attorney for Plaintiff